March 11, 1907.

————o————

## No. 4104.

(Court of Appeal, Parish of Orleans.)

### PETER STIFFT, RECEIVER, vs. NICHOLAS BURG.

1. The decision in Louisiana Improvement Company, vs. Macheca, No. 3742 of the docket of this Court, is approved and followed.
2. The defense urged against the validity of the paving claims herein sued on are identical with those. which have been uniformly overruled by both the Supreme Court and this Court.
3. The issues of fact as to the assumption of payment of the claim are resolved in favor of defendant and against warrantor.

Appeal from Civil District Court, Division "A."

Dufour & Dufour, for Plaintiff and Appellee.

W. S. Benedict. C. C. Friedrichs & M. D. Dimitry, for Defendant and Appellant.

Frank McGloin, Appellant.

DUFOUR, J.  The Receiver of the Rosetta Gravel Company brought this suit against Bourg, the owner of certain real estate for the purpose of asserting a claim and privilege for paving.

The defendant called in warranty the former owners, Heber and Redersheiner.

When Heber bought from one Plant, and when Redersheimer bought from Heber, the acts of sale recited that the purchaser assumed the payment of the paving bill.

When Redensheimer sold to Bourg, the act contained no such assumption, but, on the contrary, stated that the said property was free from all incumbrance in the name of the vendor.

Under an allegation of clerical erro rand omission in the

209

act of sale, evidence was received by the District Judge on the question as to whether or not Bourg had assumed payment of the paving bill, and, finally, there was judgment in favor of plaintiff and against defendant and like judgment in favor of defendant and against warrantor.

Our examination of the evidence written and verbal has led us to the conclusion that Burg did not assume the payment of the paving bill, and, hence, under our decision in Macheca vs. Bank, 3742 Court of Appeal, Vol. 1, his vendor is liable to him on his warranty.

The defenses urged against the validity of the instant claim are identical with those which have been uniformly overruled by both the Supreme Court and this Court in several decisions.

The second certificate was issued in acocrdance with the Watts case (51 An.) and no evidence was offered to rebut the presumption of correctness attaching to it.

51 An. 1345, 104 La. 719, 112 La. 805, 1 Court of Appeal 91, 111.

The judgment appealed from is correct and is affirmed.